1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FELICIA CLARK,                          Case No.  2:22-cv-00978-KJM-JDP (PS)

12               Plaintiff,                   ORDER GRANTING PLAINTIFF'S
                                             APPLICATION TO PROCEED *IN FORMA*
13        v.                                 *PAUPERIS* AND DENYING HER MOTION
                                             FOR A HEARING
14   MARIA VELASQUEZ, *et al*.,
                                             ECF Nos. 2 & 5
15               Defendants.
                                             SCREENING ORDER THAT PLAINTIFF:
16
                                                 (1) STAND BY HER COMPLAINT
17                                               SUBJECT TO A RECOMMENDATION
                                                 OF DISMISSAL, OR
18
                                                 (2) FILE AN AMENDED COMPLAINT
19
                                             ECF No. 1
20
                                             THIRTY-DAY DEADLINE
21

22          Plaintiff Felicia Clark brings this action against multiple defendants, asserting claims

23   relating to her family's eviction from their home.  The complaint's allegations fail to state a

24   claim.  I will give plaintiff a chance to amend her complaint before recommending dismissal.  I

25   will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the

26   showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

27

28
                                             1

**Screening and Pleading Requirements**

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e).  That statute requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in August 2021, some of her family's property was removed from their residence because the residence had become infected with black mold, which plaintiff attributes to defendant Velasquez's negligence.  ECF No. 1 at 5.  Plaintiff also alleges that in May 2022, Gore incorrectly stated that plaintiff had failed to sign a housing lease.  Additionally, plaintiff claims that defendants' conduct violated federal environmental laws and California

2

1   housing laws.

2          Plaintiff's complaint, in its current form, cannot proceed past screening.  As an initial

3   matter, plaintiff names defendants Mark Hamilton, LaShelle Doizer, Diana Pot, and Debra Cyrus,

4   but asserts no facts against them.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir.

5   1984) ("The plaintiff must allege with at least some degree of particularity overt acts which

6   defendants engaged in that support the plaintiff's claim.").[1]

7          Moreover, plaintiff's bare legal conclusions against defendants Velasquez and Gore are

8   insufficient.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 664.  Plaintiff alleges, without

9   elaboration, that Velasquez's negligence caused black mold to grow inside her residence.  Her

10  allegations indicate neither that Velasquez owed her duty of care nor that Velasquez breached any

11  such duty.  *See Berkley v. Dowds*, 152 Cal. App. 4th 518, 526 (2007) ("The well-known elements

12  of any negligence cause of action are duty, breach of duty, proximate cause and damages.").  She

13  also claims that Velasquez breached a contract but makes no reference to a contract and does not

14  describe the purportedly breached terms.  *See Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930

15  (N.D. Cal. 2012) ("The complaint must identify the specific provision of the contract allegedly

16  breached by the defendant.").

17         Likewise, plaintiff has not alleged sufficient facts to support a claim of slander, *see Pratap*

18  *v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1108 (N.D. Cal. 2014) (quoting *Manhattan Loft,*

19  *LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009)) ("To state a claim for

20  slander of title, Plaintiffs must allege: '1) a publication; (2) which is false; (3) which is without

21  privilege or justification, and (4) which causes direct and immediate pecuniary loss.'"), or

22  violation of her right to privacy, *see Burcham v. City of Los Angeles*, 562 F. Supp. 3d 694, 705

23  (C.D. Cal. 2022) (quoting *Hill v. Nat. Collegiate Athletic Ass.*, 7 Cal. 4th 1, 20 (1994)) (noting

24  that the threshold elements for a California right to privacy claim include "(1) a legally protected

25         [1] The complaint's caption also lists Angelica Velasquez, Paulena Westbrook, and David
26  Dunson-Velasquez as plaintiffs.  *See* ECF No. 1 at 1.  The complaint, however, contains no
    allegations relating to these individuals.  To the extent plaintiff intends to assert claims on behalf
27  of these individuals, she is notified that she cannot pursue claims on behalf of others.  *See Simon
    v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs are generally prohibited
28  "from pursuing claims on behalf of others in a representative capacity").

privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy"), against defendant Gore.

Finally, plaintiff appears to allege that defendants' conduct violated federal environmental laws and California housing laws.  ECF No. 1 at 4.  But plaintiff neither states the specific provisions defendants allegedly violated nor explains how defendants violated any such provisions.

Accordingly, plaintiff's complaint cannot proceed past screening.[2]  I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed.  Should she choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's rights.  *See Iqbal*, 556 U.S. at 678.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying her claims.  Plaintiff should name each defendant and explain what happened, describing personal acts by each individual defendant that resulted in the violation of plaintiff's rights.  Plaintiff should also describe any harm she suffered from the violation of her rights.  Plaintiff should not add unrelated issues.  *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

An amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

---

[2] Plaintiff has also filed a motion requesting a hearing.  ECF No. 5.  There is no need for a hearing at this time; accordingly, that motion is denied.

If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  Plaintiff's motion for a hearing, ECF No. 5, is denied.

3.  Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court that she wishes to stand by her current complaint.  If she selects the latter option, I will recommend that this action be dismissed.

4.  Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:    December 16, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5